IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

SEAN DAVIS                          §
   FED. REG. I.D.15618-045          §
                                   §
VS.                                 §          C.A. NO. C-07-273
                                   §
DAN JOSLIN                          §

## <u>ORDER CONVERTING § 1983 CASE TO HABEAS CORPUS PETITION</u>

Sean Davis ("Davis") is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas.  He filed this lawsuit on June 15, 2007, challenging as unconstitutional a November 21, 2005, prison disciplinary hearing on the grounds that it was not held within three business days of his receiving notice of the charges against him, and no extension of time was sought by prison authorities,[1] in violation of the policies of the Bureau of Prisons ("BOP").  Davis was found guilty at the disciplinary hearing, and as punishment, he lost 27 days earned good time credit, and received 30 days segregation and 180 days phone restriction.  Through this action, Davis seeks restoration of his good time credits, as well as compensatory and punitive damages against the warden of FCC-Forrest City, the disciplinary hearing officer, and his counsel substitute.

On July 3, 2007, a telephone conference was held to discuss the nature of Davis' claims.   Davis testified that he received written notice of the charges against him and participated in the disciplinary hearing.  He is challenging only the fact that the disciplinary

---

[1]Davis was incarcerated at the Federal Correctional Complex in Forrest City, Arkansas, at the time of the disciplinary hearing.

hearing was not conducted  within the time frame set forth in BOP Program Statement 5270.07.

## Discussion

Davis' complaint contains both habeas and § 1983 claims.  See Patton v. Jefferson Correctional Center, 136 F.3d 458, 463-64 (5th Cir. 1998) (district court required to determine whether complaint filed pursuant to § 1983 contains both habeas and § 1983 claims).  He is challenging both his loss of good time credits, a claim that necessarily affects the duration of his confinement, and he seeks damages for the allegedly unconstitutional conduct of individual prison officials.  (See D.E. 1).  However, Davis may not challenge his loss of good time credits in a § 1983 action. See  Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc).  The loss of good time credits must be pursued in a habeas corpus action.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

A habeas action is properly maintained in the district court where the prisoner is in custody.  28 U.S.C. § 2241(d).  The proper respondent in a habeas corpus proceeding is the person having custody of the petitioner.   28 U.S.C. § 2243.  A claim for damages arising from the loss of good time credits is not cognizable until a prisoner can show that the challenged disciplinary action has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641, 648-49 (1997).

At the telephone conference, Davis testified that he wanted to pursue his habeas

2

corpus claims in this proceeding.  Accordingly, this action, opened as a § 1983 complaint, is hereby ORDERED converted to a habeas corpus proceeding filed pursuant to 28 U.S.C. § 2241.[2]   The Clerk is instructed to redesignate this case as a habeas corpus petition.  Dan Joslin, warden of FCI-Three Rivers, is hereby substituted as the proper party respondent.  By separate order, service will be ordered on respondent.

ORDERED this 5th day of July, 2007.

_____

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

_____

[2] Davis has paid the $5.00 filing fee.