IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SEAN DAVIS, | § | |
|    Petitioner | § | |
| | § | |
| VS. | § | C.A. NO. C-07-273 |
| | § | |
| DAN JOSLIN, Warden, | § | |
|    Respondent | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Bureau of Prisons ("BOP") and currently is incarcerated in the Federal Corrections Institution in Three Rivers, Texas ("FCI-Three Rivers") and the incident about which he complains occurred there. Proceeding *pro se,* petitioner filed this habeas corpus petition[1] pursuant to 28 U.S.C. § 2241 on June 8, 2007 (D.E. 1).[2] Petitioner argues that his due process rights were violated in a disciplinary hearing because the hearing was not held in a timely manner. Respondent filed an answer and motion to dismiss on September 19, 2007 to which petitioner responded on October 4, 2007 (D.E. 17, 20).

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 2241, because petitioner was incarcerated in Live Oak County, Texas at the time he filed his petition.

---

[1] Petitioner initially filed his cause of action as a civil rights complaint, but it was converted to a habeas corpus petition on July 5, 2007 (D.E. 7).

[2] Petitioner executed and mailed his petition on June 8, 2007. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988).

## **BACKGROUND**

Petitioner currently is serving a 120-month sentence after having pleaded guilty to the charge of conspiracy to possess with intent to distribute a controlled substance.  He does not complain about his holding conviction, but argues that he did not receive due process in a disciplinary hearing.

In incident report number 1401007, petitioner was accused of "fighting with another person" (Hearing Officer Report, D.E. 17, Att. E, p. 1).  Petitioner was given advance written notice of the charge on November 10, 2005 and appeared at an initial hearing before disciplinary hearing officer ("DHO") J. Huff on November 21, 2005 (Id.).  A subsequent disciplinary hearing was held on December 19, 2005 (Id.).  Petitioner admitted to engaging in the fight (Id. at p. 3).  He was found guilty of the offense and was punished with 27 days of disciplinary segregation, the loss of 30 days of good time and the loss of 180 days of telephone privileges (Id.).

Petitioner does not dispute that he admitted to the charge but argues that the passage of 11 days, from the time he received written notice of the charge on November 10, 2005 until the day he appeared at an initial hearing on November 21, 2005, violated his due process rights.  He argues that under 28 C.F.R. § 541.15(b) an initial hearing should have been held within three days of the time the staff became aware of petitioner's involvement in the incident.

In his motion to dismiss, respondent argues that the hearing was held in a timely fashion and that ever if it were not, petitioner has not shown that he was prejudiced by any delay. Respondent concedes that petitioner exhausted his administrative remedies.

## APPLICABLE LAW

### A. Due Process Rights

Petitioner claims that pursuant to 28 C.F.R. § 541.15(b), an initial hearing should have been held within three days of the time the staff became aware of petitioner's involvement in the incident. The regulation provides that each inmate charged with violating a BOP rule is entitled to an initial hearing before the Unit Discipline Committee ("UDC"), "ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident." The three-day period excludes the day staff became aware of the inmate's involvement in the incident, weekends and holidays.

Petitioner avers that six working days passed between the time prison staff became aware of his involvement in the incident and the day the initial hearing was held. Respondent counters that BOP Program Statement 5270.07 provides that the Warden must approve any extension beyond five work days and that in petitioner's case, any extension or delay in the hearing did not exceed five days because the hearing was held on the sixth working day following the day staff became aware of petitioner's involvement in the incident. Respondent contends that under these circumstances, that the BOP substantially complied with the regulation.

3

Assuming for purposes of this motion that petitioner is correct and the BOP violated its own policy when it held the hearing six days after, rather than within three days after prison staff knew he was involved in the incident, petitioner still has not shown that his constitutional rights were violated.  It is well-established in the Fifth Circuit that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met."  Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996)(citations omitted).

In the context of a prison disciplinary case, the process to which a petitioner is due is set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). There, the U.S. Supreme Court held that an inmate is entitled to (1) receive written notice of the charges;  (2) call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals and (3) be provided a written statement by the fact finder as to the evidence relied on and reasons for the decision.  Wolff, 418 U.S. at 564, 94 S.Ct. at 2979.

Petitioner has not argued that he did not receive the process he was due under Wolff. His argument that his hearing was held a few days late does not rise to the level of a constitutional violation.  Accordingly, his habeas corpus claim should be dismissed.

**B.  Certificate of Appealability**

Because petitioner is proceeding under 28 U.S.C. § 2241, he is not required to obtain a certificate of appealability in order to proceed on appeal.  Christopher v. Miles, 342 F.3d

4

378, 381, n. 1 (5th Cir. 2003)(citing <u>Wesson v. United States Penitentiary Beaumont, TX</u>, 305 F.3d 343, 346 (5th Cir. 2002)).

## RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion to dismiss (D.E. 17) be granted and petitioner's cause of action for habeas corpus relief be dismissed for failure to state a claim.

Respectfully submitted this 8th day of January, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).